UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GERALD JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Civil Action No: 3:22-cv-00030-E<br><br>**AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Plaintiff GERALD JOHNSON, (hereinafter referred to as "Plaintiff") and files this *Amended Complaint against* Defendant BANK OF AMERICA, N.A., (hereinafter referred to as "Defendant" or "BofA"), and respectfully shows the Court the following:

**PARTIES AND SERVICE**

1. Plaintiff is a natural person residing in Dallas County, Texas.

2. At all times material hereto, Plaintiff was a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c)**.**

3. Defendant Bank of America, N.A. is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b).

4. Defendant is a furnisher of consumer credit information to consumer reporting agencies and can be served with process upon CT Corporation System, its registered agent for service of process at 1999 Bryan Steet, Suite 900, Dallas, Texas 75201.

5. As used herein, "consumer reporting agency," or "CRA," means any person who, for

monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and who uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, TransUnion, and Experian.

## JURISDICTION AND VENUE

6. Plaintiffs bring this action under §1681 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, costs, and reasonable attorney's fees against the Defendant.

7. This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

8. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

9. Venue is further proper in this District because Plaintiffs reside in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

11. On or around September 30, 2019, two unauthorized transactions for $7,629.40 and $4,710.00 was charged to Plaintiff's Bank of America Account #0592 (hereinafter referred to as "Account").

12. On or around October 7, 2019, there was another fraudulent charge on the Account for $3,500.00.

13. These transactions appear to have used his Visa Credit Card #4407 ("Visa CC") that is linked to the Account.

14. Plaintiff was still in possession of the Visa CC at time of charges.

15. On or around October 2019, Plaintiff became aware of the unauthorized transactions and immediately reported that the transactions were fraudulent to Defendant.

16. Plaintiff was not only distraught and alarmed on how this happened, but unaware on how to properly address this issue and fix his Account.

17. On or about November 21, 2019, Defendant was unable to approve Plaintiff's recent fraud claim. See a copy of the response from Defendant attached as Exhibit A.

18. On or about November 30, 2019, Plaintiff reported to the Garland Police Department that he was a victim of forgery and identity theft. See a redacted copy of the Garland Police Department attached as Exhibit B.

19. On or about December 3, 2019, Defendant sent a letter to Plaintiff that they were conducting research on Plaintiff's claims of fraudulent charges on his Account and sent a blank Fraud Statement Form that Defendant requested Plaintiff fill out and return within 10 business days. See copy of letter attached as Exhibit C.

20. On or about Dec 12, 2019, Plaintiff sent Defendant a Notice to Furnisher Letter, attached as Exhibit D disputing the unauthorized charges on his Account.

21. Plaintiff sent copies of his FTC Identity Theft Report, Proof of Identity, Notice to Furnishers of Information, and the completed Fraud Statement attached here as Exhibit E and proof of fax with the Notice.

22. On or around June 4, 2021, Plaintiff sent a direct dispute along with copies of the police report, Identity Theft Complaint Affidavit, and Federal Trade Commission Identity Theft Report to TransUnion, Equifax, and Experian. See redacted letters attached as Exhibit F.

23. Plaintiff requested that TransUnion, Equifax, and Experian each conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit report concerning the Account.

24. TransUnion responded to Plaintiff's dispute on June 29, 2021. See redacted copy of Transunion's response is attached as Exhibit G and incorporated herein by reference.

25. TransUnion determined that Plaintiff's request has either "a) been made in error; b) is a misrepresentation of material fact relevant to the request to block and/or c) you have obtained possession of goods, services, or money as a result of the transaction issue" and declined to process the Plaintiff's identity theft block request.

26. TransUnion opened a reinvestigation of the disputed information and stated they will contact the source of the disputed information and ask them to verify the accuracy on the account. See Exhibit G.

27. It is believed and therefore averred that TransUnion notified Defendant of Plaintiff's dispute.

28. It is alleged that TransUnion did forward some notice of the dispute to Bank of America, and Bank of America failed to conduct a lawful investigation.

29. Upon receipt of the dispute of the Account from Plaintiff, Defendant failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on Plaintiff's consumer report with respect to status, payment history, and balance of the Account.

30. Defendant has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various

persons and credit grantors, both known and unknown. See a redacted copy of the Experian credit report attached as <u>Exhibit H</u>.

31. Defendant falsely represented the payment history, liability, and accuracy to TransUnion and to all parties who accessed Plaintiff's credit reports.

32. Defendant falsely represented the payment history, liability, and accuracy to Experian and to all parties who accessed Plaintiff's credit reports.

33. Defendant erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

34. Defendant sued Plaintiff in Justice Court Precinct 2 Place 1 of Dallas County to collect on the Account Cause No: JX21-00434D.

35. Plaintiff had to spend valuable time and money to defend himself in Bank of America, N.A. v. Gerald Johnson Cause No. JX21-00-434D. See copy of Answer attached as <u>Exhibit I</u>.

36. As a result of the Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information on Plaintiff's Account and has suffered credit denial, mental anguish, and frustration.

### FIRST CAUSE OF ACTION
### (Negligent Violation of the FCRA)

37. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

38. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

39. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to

appropriately modify the information.

40. Defendant further violated 15 U.S.C. § 1681s-2(b) by continuing to report the representation within Plaintiff's credit file with TransUnion without also failing to fully and properly investigate the Plaintiff's dispute of Defendant's representation, failing to accurately respond to the TransUnion, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant's representations to the consumer reporting agencies.

41. As a result of Defendant's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

42. Defendant's negligent conduct, action, and inaction, entitles the Plaintiff to damages under 15 U.S.C. § 1681o.

43. The Plaintiff are entitled to recover reasonable costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
### (Willful Violation of the FCRA)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

45. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

46. Defendant further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Defendant's representation within Plaintiff's credit file with TransUnion without also failing to fully and properly investigate the Plaintiff's dispute of Defendant's representation, failing to accurately respond to the TransUnion, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Defendant representations to the consumer reporting agencies.

47. As a result of Defendant's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

48. Defendant's willful conduct, action, and inaction, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§ 1681n.

49. The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## DEMAND FOR TRIAL BY JURY

50. Plaintiffs request a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

2. For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

3. For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

4. For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

5. For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

6. For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

7. For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED: January 9, 2022                                                                 Respectfully Submitted,

                                            **JAFFER & ASSOCIATES PLLC**

                                            */s/ Allen Edgar Robertson III*
                                            Allen Edgar Robertson III
                                            Texas Bar No. 24076655
                                            Shawn Jaffer
                                            Texas Bar No. 24107817
                                            Robert Leach
                                            Texas Bar No. 24103582
                                            15851 Dallas Pkwy Ste 600
                                            Addison, TX 75001
                                            Phone: (214) 494-1871
                                            Fax: (888) 509-3910
                                            E-mail: attorneys@jaffer.law
                                            ***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of January, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to counsel of record

                JAFFER & ASSOCIATES, PLLC

                */s/ Allen Edgar Robertson, III*
                Allen Edgar Robertson, III